# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | CRIMINAL NO. 1:05-CR-0433 |
| : | |
| **v.** : | **(Judge Conner)** |
| : | |
| **TONEY SABATER** : | |

## ORDER

AND NOW, this 6th day of August, 2009, upon consideration of defendant's motion (Doc. 52) to vacate the sentence imposed by this court on November 1, 2006, and of defendant's election form (Doc. 55), electing to have the court rule upon the motion under 28 U.S.C. § 2255, and it appearing that the motion to vacate (Doc. 52) was filed within the prescribed limitations period, see 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this section."); United States v. Davies, 394 F.3d 182, 186 n.2 (3d Cir. 2005) (stating that, where the defendant has taken a direct appeal, the § 2255 limitations period begins to run "on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires" (citing Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999))), and that defendant has requested appointment of counsel to handle his case, (see Doc. 53 at 15), and it further appearing that the court sentenced defendant as a career offender based upon two prior state drug convictions, (Doc. 46 at 3), and that the New Jersey state courts subsequently dismissed the charges underlying one of these convictions due to racial profiling, (see Doc. 53 at 13 & Ex. E), and the court having obtained a

certified copy of the order dismissing the same from the Clerk of the Superior Court of Bergen County, New Jersey, and the court concluding that a defendant may seek to correct a federal sentence based upon the vacatur of a prior conviction used to enhance his sentence, see In re Milton, 155 F. App'x 614, 616 (3d Cir. 2005), and that the defendant must demonstrate that he diligently sought vacatur of the prior conviction "as soon as he [was] in a position to realize that he ha[d] an interest in challenging [it]," Johnson v. United States, 544 U.S. 295, 308 (2005), and the court further concluding that defendant has therefore advanced a colorable right to relief, that he lacks "the means to adequately, investigate, prepare, or present the claim," White v. Williamson, No. 3:CV-08-0520, 2008 WL 2020293, at *1 (M.D. Pa. May 8, 2008); (see also Doc. 11), and that the interests of justice favor appointment of counsel to handle defendant's case, 18 U.S.C. § 3006A(a)(2)(B), it is hereby ORDERED that:

1. The Clerk of Court is directed to serve a copy of defendant's motion to vacate (Doc. 52) and brief in support (Doc. 53) thereof on the United States Attorney. See R. GOVERNING § 2255 PROCEEDINGS 3(b).

2. Defendant's request for appointment of appoint counsel is GRANTED. See R. GOVERNING § 2255 PROCEEDINGS 6(a), 8(c). The following attorney is APPOINTED to represent defendant for purposes of the pending motion:

    James J. West
    JAMES J. WEST, LLC
    105 N. Front Street, Suite 205
    Harrisburg, PA 17101

3. The Clerk of Court is instructed to forward a copy of the certified documents obtained from the Clerk of the Superior Court of Bergen County, New Jersey to counsel for defendant and the government via first class mail.[1]

4. Briefing of defendant's motion to vacate (Doc. 52) shall be governed by the following schedule:

   a. Counsel for defendant may—but shall not be required to—file a supplemental brief in support of the motion on or before August 26, 2009.[2]

   b. The United States Attorney shall file an answer to the motion (Doc. 52) on or before September 18, 2009. See R. GOVERNING § 2255 CASES 4(b), 5(a), (b).

   c. Counsel for defendant shall be permitted to file a reply on or before October 2, 2009. See R. GOVERNING § 2255 CASES 5(d).

5. The court will evaluate the need for a hearing upon receipt of the parties' briefs, which shall state whether either party requests such a hearing. Any party requesting a hearing shall identify those issues upon which it contends the court must hear evidence.

---

[1] Counsel are advised that the court obtained these materials only for the purpose of verifying the vacatur of defendant's state court conviction before appointing counsel. The court is unaware whether these records are the only materials available from the Superior Court of Bergen County or whether the clerk of that court possesses additional documents associated with the underlying state proceedings.

[2] The court has permitted defense counsel to submit a supplemental brief to identify additional authorities or arguments that counsel, in his professional judgment, believes apropos to the instant motion. Materials that have been fully discussed in defendant's *pro se* filings need not be recounted at length in a supplemental brief.

6. The Clerk of Court is instructed to forward a courtesy copy of this order together with defendant's motion to vacate (Doc. 52), brief in support thereof (Doc. 53), and the certified state court records to defendant's trial counsel at the following address:

> Joshua D. Lock
> GOLDBERG, KATZMAN& SHIPMAN, P.C.
> 320 Market Street
> P.O. Box 1268
> Harrisburg, PA 17108

S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge